# Cases.

# FIRST DEPARTMENT

AT

## GENERAL TERM

### March, 1889.

HUGH N. CAMP, Appellant, v. ARTHUR G. BEDELL, Respondent.

*When an allegation contained in an answer will not be construed to constitute a demurrer.*

In an action, brought for the purpose of recovering damages for a libel, the complaint contained two causes of action. The defendant served on the plaintiff's attorney a pleading, called by him an answer, which, besides setting up various defenses to said two causes of action, contained, as to each cause of action, the following allegation: "The defendant further answering says that there are not sufficient facts stated therein to constitute a cause of action."

Upon an appeal from an order denying a motion made by the plaintiff to compel the defendant to elect between a demurrer and an answer, and to strike from the record the one not selected:

*Held*, that the order should be affirmed.

That as the defendant designated the pleading as an answer, and the matter stated in it raised an objection which the defendant was not required to raise by demurrer, and which he did not waive by answering, a demurrer should not be considered to have been interposed.

That the plaintiff had no right to demand an election by the defendant between a demurrer and an answer.

*It seems*, that as the allegation was mere surplusage it might have been stricken out, as such, upon a motion made for that purpose.

APPEAL from an order made at a New York Special Term, which was entered in the office of the clerk of the city and county of New York on September 24, 1888, denying a motion to compel the

defendant to elect between a demurrer and an answer, and to strike out one or the other.

*D. H. Chamberlain*, for the appellant.

*W. W. Niles*, for the respondent.

VAN BRUNT, P. J. :

This action was brought for the purpose of recovering damages for libel, the complaint being in the usual form and containing two causes of action. The defendant served on the plaintiff's attorney a pleading called by him an answer, in which he set up various defenses to said two causes of action. This pleading contained as to each cause of action the following allegation : " The defendant, further answering, says that there are not sufficient facts stated therein to constitute a cause of action." The plaintiff thereupon moved for an order to compel the defendant to elect whether he will abide by the demurrers to the several causes of action or by the answers contained in said papers, and to strike from the record the pleading not so elected, which motion was denied and from the order thereupon entered this appeal is taken.

It is undoubtedly true that the defendant cannot demur and answer to the same cause of action, and that demurrers and answers are separate and distinct pleadings, having different objects, raising different issues and requiring different modes of trial, and that they are not less separate and distinct if in form connected and on one paper. But we fail to find in the defendant's pleading that any demurrer has been inserted therein. He designates it as an answer. The matter stated in the answer raised an objection which the defendant was not required to raise by demurrer, and which he did not waive by answering. This is an objection that he has a right to take, even at the trial, although he might not have demurred, and although he may have answered without stating anything in said answer in respect thereto. The defendant not having treated the pleading as a demurrer, and not having attempted thereby to save an objection which could only be raised by demurrer, we see no reason for designating the pleading by that name.

It is undoubtedly true that the allegation is out of place in an answer, although it is not waived if not taken by any pleading.

The result is that the allegation is mere surplusage and might very well be stricken out as such upon a motion made for that purpose. The allegation, however, cannot by any possibility do the plaintiff any harm. The plaintiff's position is in no way changed because of the fact that the answer contains this needless allegation. We think, therefore, that upon the record no demurrer has been interposed, and, as a consequence, the plaintiff had no right to claim an election by the defendant between a supposed demurrer and his answer.

The order should be affirmed, with ten dollars costs and disbursements.